IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DONALD RAY RECTOR, JR., § <br> TDCJ No. 2338981, § <br> § <br> Petitioner, § <br> § <br> V. § <br> § <br> DIRECTOR, TDCJ-CID, § <br> § <br> Respondent. § | No. 3:24-cv-544-D-BN |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Through a *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2254, filed in the Eastern District of Texas, Petitioner Donald Ray Rector, Jr. collaterally attacks his Hunt County conviction for possession of a controlled substance. *See* Dkt. No. 1; Dkt. No. 16-1, Exs. A, B, & C.

Rector's Section 2254 application was transferred to the district, *see* Dkt. No. 3, and Senior United States District Judge Sidney A. Fitzwater referred it to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The State responded to the application, as ordered, *see* Dkt. No. 8, arguing that it should be dismissed with prejudice as time barred, *see* Dkt. No. 16. Rector failed to file a timely reply. *See* Dkt. No. 8 at 3. Instead, he moved to supplement his habeas claims under Federal Rule of Civil Procedure 15(d), to add "further ineffectual assistance of counsel" claims, and to stay the Court's decision as to his petition, to allow him to retain counsel to address the limitations arguments. Dkt. No. 17.

And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the federal habeas petition with prejudice as barred by the applicable statute of limitations.

## Legal Standards

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "introduced both 'simple logic' to the federal habeas landscape and uniform rules for federal courts to apply." *Wallace v. Mississippi*, 43 F.4th 482, 492 (5th Cir. 2022) (quoting *Smith v. Titus*, 141 S. Ct. 982, 987 (2021) (Sotomayor, J., dissenting from denial of cert.), then citing *Day v. McDonough*, 547 U.S. 198, 202 n.1 (2006)).

"Namely, it implemented a host of greatly needed procedural requirements for petitioners seeking habeas relief." *Id.* (citing *Brown v. Davenport*, 596 U.S. 118, 134 (2022) ("In many ways, the statute represented a sea change in federal habeas law.")).

One such requirement is "the one-year period for an individual in custody pursuant to a state-court judgment to file a § 2254 petition for habeas relief" that "begins running from the latest of four events." *Id.* at 497 (citing 28 U.S.C. § 2244(d)):

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due

diligence.

28 U.S.C. § 2244(d)(1).

The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2).

The one-year limitations period is also subject to equitable tolling – "a discretionary doctrine that turns on the facts and circumstances of a particular case," *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), and only applies in "rare and exceptional circumstances," *United States v. Riggs,* 314 F.3d 796, 799 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)).

"[A] litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

"'The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence.' What a petitioner did both before and after the extraordinary circumstances that prevented him from timely filing may indicate whether he was diligent overall." *Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019) (quoting *Holland*, 560 U.S. at 653; footnote omitted).

But "[a] petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009) (per curiam)

(citation omitted).

So this "prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond [the litigant's] control." *Menominee Indian Tribe*, 577 U.S. at 257.

A showing of "actual innocence" can also overcome AEDPA's statute of limitations. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).

But the actual innocence gateway is only available to a petitioner who presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 401 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)).

That is, the petitioner's new, reliable evidence must be enough to persuade the Court that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* at 386 (quoting *Schlup*, 513 U.S. at 329); *see also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that the person did not commit the crime." (footnotes omitted)); *Acker v. Davis*, 693 F. App'x 384, 392-93 (5th Cir 2017) (per curiam) ("Successful gateway claims of actual innocence are 'extremely rare,' and relief is available only in the 'extraordinary case' where there was 'manifest injustice.'" (quoting *Schlup*, 513 U.S. at 324, 327)).

## Analysis

The timeliness of most Section 2254 applications – Rector's, for example – is determined under Subsection A, based on the date on which the judgment became final. And a state criminal judgment becomes final under AEDPA "when there is no more 'availability of direct appeal to the state courts.'" *Frosch v. Thaler*, No. 2:12-cv-231, 2013 WL 271423, at *1 (N.D. Tex. Jan. 3, 2013) (quoting *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009)), *rec. adopted*, 2013 WL 271446 (N.D. Tex. Jan. 24, 2013).

Because Rector did not file a direct appeal, *see* Dkt. No. 1 at 2, his state criminal judgment, imposed on February 5, 2021, *see id.* at 1; Dkt. No. 16-1 at 3, became final for federal-limitations purposes on the thirtieth day after it was imposed that was not a Saturday, Sunday, or legal holiday – which was Monday, March 8, 2021, *see* TEX. R. APP. P. 26.2(a)(1); TEX. R. APP. P. 4.1(a).

Although Rector later filed a state habeas petition, *see Ex parte Rector*, WR-72,111-02 (Tex. Crim. App.) (denied without written order on the findings of the trial court without a hearing and on an independent review of the record, on April 26, 2023); Dkt. No. 16-1 at 24, Rector did not file this petition "within the one-year period" that commenced on March 8, 2021, so "it did not statutorily toll the limitation clock," *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013) (citing *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (citing, in turn, 28 U.S.C. § 2244(d)(2))); *see* Dkt. No. 16-1 at 22 (reflecting that the state habeas petition was filed no sooner than October 17, 2022, the date that it was signed).

And Rector makes no arguments in support of statutory or equitable tolling.

*See* Dkt. No. 1 at 13-14. Nor does he allege evidence of factual innocence. *See generally id.*

As to the motion filed instead of a reply brief, like all Federal Rules of Civil Procedure, Rule 15(d) generally applies to habeas proceedings under Section 2254. *See* RULE 12, RULES GOVERNING SECTION 2254 IN THE UNITED STATES DISTRICT COURTS.

"Under Rule 15(d), the court may permit a party to file a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." *Burns v. Exxon Corp.*, 158 F.3d 336, 343 (5th Cir.1998) (citing FED. R. CIV. P. 15(d)).

"While the text of Rule 15(a) provides that leave should be freely granted, the text of Rule 15(d) does not similarly provide." *Id.* Instead, "Rule 15(d) is clear that the court *may* permit a supplemental pleading setting forth changed circumstances." *Id.* (emphasis in original).

Even so, "[j]udicial decisions to grant or deny Rule 15(d) motions to supplement pleadings are generally based on the same factors of fairness courts weigh when considering motions to amend pleadings under Rule 15(a)." *Tomasella v. Div. of Child Support*, No. 3:20-cv-476-S-BH, 2021 WL 3710659, at *2 (N.D. Tex. Aug. 20, 2021) (citing *Hyde v. Hoffman-La Roche Inc.*, No. 3:04-cv-1473-B, 2008 WL 2923818, at *3 (N.D. Tex. July 30, 2008)). "These factors include … the futility of amendment." *Id.* (quoting *Schiller v. Phys. Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003)).

Here, Rector fails to show that it's plausible that the habeas claims he seeks to

supplement occurred after he filed the petition, such that Rule 15(d) could apply and – more importantly – those claims could be timely.

More plausibly, Rector seeks leave to amend his habeas petition to add claims that are time barred even if Rector recently discovered evidence to support those claims. *See* Dkt. No. 17 at 1 (asserting that "evidence recently presented to petitioner shows further ineffectual assistance of counsel" but failing to describe this newly-presented evidence); *In re Young*, 789 F.3d 518, 528 (5th Cir. 2015) (Timeliness under 28 U.S.C. § 2244(d)(1)(D) runs from "the date a petitioner is on notice of the facts which would support a claim, not the date on which the petitioner has in his possession evidence to support his claim." (citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998))).

So Rector fails to show that granting leave to amend/supplement would not be futile. Equally futile would be to stay this case to allow Rector to retain counsel to review the straightforward application of the statute of limitations to the petition.

The Section 2254 petition should therefore be dismissed as time barred.

### Recommendation

The Court should dismiss Petitioner Donald Ray Rector, Jr.'s 28 U.S.C. § 2254 habeas application with prejudice as time barred.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV.

P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 23, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE